WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Al-Quan Romain Loyal,<br><br>  Petitioner,<br><br>v.<br><br>USA,<br><br>  Respondent. | No. CV-14-02208-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Petitioner Al-Quan Romain Loyal's Writ of Habeas Corpus filed as a Motion to Vacate, Set Aside, or Correct Sentence ("Motion") pursuant to 28 U.S.C. § 2255. (Doc. 1.) On December 8, 2015, United States Magistrate Judge Michelle H. Burns issued a Report and Recommendation ("R & R") recommending that Loyal's Motion be denied. (Doc. 16.) Loyal timely filed objections. (Doc. 17.) For the following reasons, the Court adopts the R & R in full.

## BACKGROUND

On February 24, 2009, Loyal entered into an open plea[1] admitting guilt as to each count in the government's 4-count superseding indictment. On December 22, 2010, after denying Loyal's Motion to Withdraw Plea of Guilty, this Court sentenced Loyal to 352 months imprisonment. On January 3, 2011, Loyal filed a direct appeal to the Ninth Circuit which affirmed the conviction and judgment. On October 3, 2014, Loyal filed the present Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255. The R & R

---

[1] An open plea is a guilty plea that is not accompanied by a plea agreement.

sets forth a detailed procedural and factual background to this case, to which no party objects. Accordingly, the Court adopts this background and does not repeat it here.

Loyal raises three arguments in his Motion. First, Loyal argues that his Fifth and Sixth Amendment rights were violated when the district court, while conducting a conflicts hearing, did not allow Loyal to be present for the first-half of the hearing that addressed the potential conflicts between Loyal's co-defendant, Freddie Brown, and his attorney Paul Bergrin, who had previously represented Loyal. Second, Loyal argues that he received ineffective assistance of counsel in violation of his Fifth and Sixth Amendment rights when his attorney, Thomas Moran, Jr., did not have him present for the conflict hearing regarding Brown and Bergrin, and did not adequately counsel Loyal so as to ensure that he knowingly waived any conflict that may have resulted from Moran's representation of Loyal. Third, Loyal argues that Moran provided ineffective assistance of counsel in violation of Loyal's Fifth and Sixth Amendment rights when he advised Loyal to enter into an open plea.

The R & R recommends that the Court dismiss Loyal's Motion with prejudice on all three grounds.

**DISCUSSION**

**I.     Legal Standard**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Estate of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to the R & R. § 636(b)(1). "A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." *Id.* A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

/ / /

## II. Analysis

Loyal's first two objections both challenge the Magistrate Judge's recommended holding that any issues presented by Loyal's absence from the first half of the conflicts hearing were cured by his subsequent voluntary and intelligent guilty plea. Loyal's third objection challenges the Magistrate Judge's recommended finding that Moran provided Loyal effective assistance of counsel when he recommended he enter into an open plea.

### A. Loyal's First and Second Objections

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see, e.g.*, *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) ("An unconditional guilty plea waives all nonjurisdictional, antecedent defects.") (citations omitted); *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) ("[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects.") (citations omitted). Courts have held that pre-plea "jurisdictional" errors "include only those claims in which, judged on the face of the indictment and record, the charge in question is one which the state [or federal government] may not constitutionally prosecute." *United States v. Johnston*, 199 F.3d 1015 (9th Cir. 1999). Some examples of permissible pre-plea jurisdictional challenges include: vindictive prosecution, *Blackledge v. Perry*, 417 U.S. 21, 30–31 (1974); double jeopardy, *Menna v. New York*, 432 U.S. 61, 62 (1975); and an underlying criminal statute that is "unconstitutional or unconstitutionally vague on its face," *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1006 (9th Cir. 2000). *See Hill v. White*, 2011 WL 1641889, at *6 (D. Ariz. Apr. 4, 2011).

Loyal asserts that even though his challenges focus on past instances of constitutional infirmity, they carry with them a taint that infects the nature of his eventual

- 3 -

guilty plea, and thus he is attacking the "voluntary and intelligent character of [his] guilty plea"—a permissible attack under *Tollett*. According to *Menna*, however, the result of a guilty plea is that it "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna*, 423 U.S. at 63 n.2. Here, the alleged taint resulting from Loyal not being present at the Brown conflict hearing, and Loyal's subsequent waiver of any conflict with Moran, does not undermine the valid establishment of Loyal's factual guilt demonstrated by his guilty plea. *See id.* (explaining that a pre-plea jurisdictional double jeopardy challenge is permissible because "the claim is that the State may not convict petitioner no matter how validly his factual guilt is established"); *see also Tollett*, 411 U.S. at 267 ("[I]t is not sufficient for the criminal defendant seeking to set aside [] a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, . . . it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings.") (citation omitted).

Moreover, Loyal's reliance on *Bishop v. Parratt*, 509 F. Supp. 1140 (D. Neb. 1991) and *United States v. Sanchez*, 194 F.3d 1319 (9th Cir. 1999) (unpublished) is unavailing. In *Bishop*, a District of Nebraska case and thus not binding on this Court in any event, the court concluded that *Tollett* did not bar a challenge to the voluntary and intelligent character of a guilty plea based on "advice received from counsel rendered ineffective because of conflict-ridden multiple representation." *Id.* at 1145. The defendant in *Bishop*, however, unlike the Defendant here, never waived the subsequently alleged conflict-of-interest in open court months before entering into the guilty plea. As a result, the *Bishop* defendant's challenge to the voluntary and intelligent character of his plea raised an unaddressed constitutional deprivation of conflict-free counsel that may have fallen outside of the waiver espoused in *Tollett*. However, pleading guilty because of advice received by counsel acting under an actual conflict of interest in turn rendering

1    his or her counsel ineffective is markedly different from pleading guilty under the advice
2    of counsel to which the defendant has waived any potential conflict of interest.  Thus,
3    because Loyal waived the conflict of interest, any constitutional infirmity that allegedly
4    stems from that waiver is cured by Loyal's subsequent admission of factual guilt.  As to
5    *Sanchez*, the case simply rejects—in a single unpublished paragraph—the four grounds
6    raised by the defendant in his direct appeal of his conviction, one of which alleges a
7    possible conflict of interest with his trial counsel.  *Sanchez*, 194 F.3d at \*1.  The case
8    does not at all address any issue related to whether *Tollett* waives Loyal's post-plea
9    challenge to his conflict waiver.  *Sanchez* poses no useful parallels to this case and is thus
10   inapposite.

11   Finally, even setting aside the *Tollett* waiver, Loyal already challenged on direct
12   appeal to the Ninth Circuit the district court's underlying rejection of his motion to
13   withdraw his guilty plea based on his original counsel's alleged conflict of interest and
14   the involuntary and unknowing nature of his waiver of such conflicts.  (Doc. 11, Ex. 4 at
15   3–4.)  "Issues raised at trial and considered on direct appeal are not subject to collateral
16   attack under 28 U.S.C. § 2255."  *Egger v. U.S.*, 509 F.2d 745, 748 (9th Cir. 1975); *see
17   also U.S. v Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (holding that because the defendant
18   had "raised this precise claim in his direct appeal, and this court expressly rejected it[,]
19   . . . this claim cannot be the basis of a § 2255 motion.") (citing *Egger*, 509 F.2d at 748).
20   Loyal asserts, nevertheless, that the challenges here on his § 2255 are distinguishable
21   from the issues raised on direct appeal.  The assertion is unconvincing.  The Ninth Circuit
22   held that "Loyal's allegation that a conflict of interest existed is undermined by the fact
23   that the district court had made inquires (sic) of Loyal as to whether he would waive any
24   potential conflict and determined that he had done so."  (Doc. 11, Ex. 4 at 4.)  "Grounds
25   which were apparent on original appeal cannot be made the basis for a second attack
26   under § 2255."  *Egger*, 509 F.2d at 748.  Loyal's rehashing here of the challenges he
27   raised on direct appeal is improper.

28   The Court thus overrules Loyal's first two objections to the R & R and adopts the

- 5 -

R & R's dismissal of Loyal's first two grounds for relief.

### B. Loyal's Third Objection

"Under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), representation is only constitutionally inadequate if counsel's conduct is unreasonable and results in prejudice to the defendant." *Daire v. Lattimore*, 818 F.3d 454, 459 (9th Cir. 2016). The *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Whether Moran's advice to enter into an open plea was competent under *Strickland* requires determining "whether the plea represents a voluntary and intelligent choice among the alternative causes of action open to the defendant." *Hill*, 474 U.S. at 56 (internal quotation marks and citation omitted). And to "attack the voluntary and intelligent character of the guilty plea" Loyal must show "that the advice he received from [Moran] was not within the range of competence demanded of attorneys in criminal cases." *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988) (citing *Tollett*, 411 U.S. at 267).

Loyal asserts that the Magistrate Judge's finding that Moran supplied competent counsel when he advised Loyal to enter into an open plea on the eve of trial ignores the fact that Loyal was offered and advised to reject an earlier and arguably more favorable plea that ensured a lower maximum sentence. Loyal adds that Moran also failed to inform him that the open plea did not foreclose the application of the career offender guidelines;[2] as a result, Loyal did not understand that although the open plea set a 15 year minimum, he was likely to receive a more significant sentence. These facts fail, either singly or collectively, to meet the *Strickland* standard for ineffective assistance of counsel.

Loyal's main objection conflates the timing of the two plea offers (the first plea and the open plea) and ignores the fact that Loyal was also re-extended the original and arguably better plea and again turned it down. Loyal presents a scenario where he was presented with two opposing plea offers at the same time: one plea limited his exposure

---

[2] U.S.S.G. § 4B1.1.

- 6 -

to 15–23 years imprisonment and the other open plea provided a 15 year minimum but left the maximum open to life. In fact, however, Loyal was not presented with both pleas side-by-side. Rather, the record shows that sometime before trial, Loyal rejected the government's first plea offer because he wanted a lower sentencing range than what was proposed. Then, on the eve of trial, and facing a mandatory life sentence if convicted, Moran advised Loyal to enter into an open plea that took the mandatory life sentence off the table. The fact that Loyal rejected an arguably more favorable plea at some earlier time and under separate and distinct circumstances[3] does not push Moran's advice to enter into an open plea on the eve of trial outside the "range of competence demanded of attorneys in criminal cases."[4] Moreover, there is no evidence that Loyal would have fared better going to trial; in other words, Loyal presents insufficient evidence of prejudice to counter the fact that by entering into the open plea he eliminated the guarantee of a life sentence upon conviction and allowed Moran (or Loyal's subsequent attorney) to seek a more lenient sentence.[5]

Moran's failure to inform Loyal of the career offender guidelines also does not constitute ineffective assistance of counsel. Even assuming, *arguendo*, that Moran should have instructed Loyal that he qualified as a career offender and thus he would be subject to its enhanced guidelines, the district court's plea colloquy at Loyal's change of plea hearing cured any resulting prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). There is no evidence or any argument alleging that

---

[3] For example, the record indicates that Moran advised Loyal to enter into an open plea after apprising him of the likely testimony that his co-defendants would provide against him at trial. There is no evidence that such information was available when the government presented its first offer.

[4] Moreover, as explained in detail above, to the extent that Loyal is arguing that Moran provided ineffective assistance of counsel by advising Loyal to reject the *earlier* plea agreement, that constitutional challenge is cured by Loyal's subsequent guilty plea. *See Tollett*, 411 U.S. at 267.

[5] Loyal's charge of prejudice is further undermined by the fact that he rejected the government's re-extension of the original plea offer *after* entering into the open plea and under the advice of *different counsel*.

- 7 -

the district court's plea colloquy was anything but "dutifully conducted . . . [and] embraced all disclosures and inquiries required by Rule 11[.]" *United States v. Jeronimo*, 398 F.3d 1149, 1151 (9th Cir. 2005), *overruled on other grounds.* Further, during the colloquy Loyal acknowledged *inter alia* that he understood that by entering into an open plea he was leaving his sentencing up to the discretion of the court and that he could be sentenced up to life imprisonment. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). In Loyal's case, the effect of qualifying as a career offender meant that he faced a maximum possible sentence of life imprisonment. *See* § 4B1.1 (offense level 37). Thus, the judge's thorough Rule 11 plea colloquy cures Moran's failure to expressly inform him of his career offender status since Loyal knowingly and voluntarily acknowledged that he faced the possibility of the concomitant effect of that status. As such, the facts do not support a finding of ineffective assistance of counsel.

Finally, again, like Loyal's other claims, his claim that he received ineffective assistance of counsel when he was advised to enter into an open plea was already challenged and rejected on direct appeal by the Ninth Circuit,[6] (Doc. 11, Ex. 4 at 4); thus his collateral attempt at a second attack is improper and rejected. *See Egger*, 509 F.2d at 748.

The Court accordingly overrules Loyal's third objection to the R & R and adopts the R & R's dismissal of Loyal's third ground for relief.

## CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's R & R in full.

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the R & R. (Doc. 16.) Loyal's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is thus **DENIED and DISMISSED with prejudice.**

---

[6] An ineffective assistance of counsel claim may be brought appropriately on either a direct appeal or in a collateral proceeding under § 2255. *Cf. Massaro v. United States*, 538 U.S. 500 (2003).

- 8 -

1  **IT IS FUTHER ORDERED** that the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 25th day of August, 2016.

_____
Honorable G. Murray Snow
United States District Judge