**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-08-00521-005-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Al-Quan Romain Loyal, | |
| Defendant. | |

Pending before the Court is Defendant Al-Quan Romain Loyal's Motion to Dismiss Guilty Plea and Release Petitioner.  (Doc. 857.)  Defendant seeks dismissal of his case or, alternatively, dismissal of his plea agreement in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  (Doc. 857.)  As Defendant is challenging the constitutionality of his sentence, the Court construes his motion as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).

Under 28 U.S.C. §§ 2255(h) and 2244, an applicant may not file a second or successive § 2255 motion in the district court unless he has obtained certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or successive § 2255 motion.  The Court denied Defendant's first motion challenging his conviction and sentence on the merits on August 25, 2016, (Doc. 826), and Defendant has not obtained permission from the Ninth Circuit to file his Motion.  Accordingly, the Court lacks subject matter jurisdiction over his Motion and must dismiss it.  *See United States v.*

*Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that the district court lacked jurisdiction to consider a successive § 2255 motion when the movant had failed to request certification from the appellate court prior to filing the successive § 2255 motion).[1] Therefore, Defendant's Motion is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Guilty Plea and Release Petitioner (Doc. 857) is **DENIED.**

Dated this 15th day of April, 2021.

G. Murray Snow
Chief United States District Judge

---

[1]   In CV 20-2110-GMS (MHB), Defendant filed a §2255 motion on the same grounds. (Doc. 4.)  Pursuant to Ninth Circuit Rule 22-3(a), the Court referred Defendant's motion to the Ninth Circuit.  (Doc. 5.)  As the Court already referred that motion, it is not necessary to do so here.